## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### November 8, 1918.

## THE PEOPLE ex rel. EUGENE PINCHBACK, v. THE WARDEN, etc.

### (184 App. Div. 777.)

(1.) PUNISHMENT FOR MISDEMEANORS IN CITIES OF FIRST CLASS—SENTENCE UNDER CHAPTER 579 OF LAWS OF 1915—EXPOSURE OF THE PERSON.*

A person convicted in the city of New York for a violation of section 1140 of the Penal Law, which describes the offense as a misdemeanor, but provides no punishment, is properly sentenced to an indeterminate sentence in the penitentiary of the city of New York, under the provision of section 4 of chapter 579 of the Laws of 1915, known as the Parole Commission Act.

(2.) SAME.

Section 1937 of the Penal Law, providing the punishment for misdemeanors where no other punishment is prescribed, is not applicable to such a case.

(3.) SAME—DIMINUTION OF SENTENCE UNDER "COMPENSATION LAW."

A person sentenced to an institution within the provisions of chapter 579 of the Laws of 1915 regarding parole commissions and indeterminate sentences in cities of the first class, is not entitled to diminution of his imprisonment by reason of chapter 358 of the Laws of 1916, known as the "Compensation Law."

APPEAL by the relator, Eugene Pinchback, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of September, 1918, dismissing a writ of habeas corpus.

---

* See Note at end of case.

*Eugene Pinchback,* in person, for the appellant.

*Robert S. Johnstone* of counsel (*Felix C. Benvenga* with him on the brief; *Edward Swann, District Attorney*) for the respondent.

PAGE, J.:

The relator was convicted on a plea of guilty for a violation of section 1140 of the Penal Law, which that section states to be a misdemeanor, but does not prescribe the punishment.

The appellant claims, as no other punishment is prescribed in the Penal Law, that he could only be sentenced to imprisonment in the penitentiary for a period of one year or fined $500 as prescribed in section 1937 of the Penal Law. This section, however, is not so limited. It does not apply where any other punishment " is specially prescribed by this chapter " of the Penal Law nor where it is prescribed " by any other statutory provision in force at the time of the conviction and sentence." The appellant was convicted and sentenced March 31, 1916, to be imprisoned in the penitentiary of the city of New York in accordance with the provisions of section 4 of chapter 579 of the Laws of 1915, known as the Parole Commission Act. This section, so far as material to the present consideration, provides: " after the creation of a parole commission in any of the said cities as hereinbefore provided, any person convicted of any offense punishable by imprisonment in a penitentiary    *    *    * shall, if committed to any institution under the jurisdiction of the department of correction in said city, be sentenced and committed to a penitentiary    *    *    *. ' The duration of the commitment of any person to the penitentiary shall not be fixed or limited by the court in imposing sentence, except that the term of such imprisonment in the said institution shall not exceed three years, and such imprisonment shall be terminated as prescribed in section five of this act.    *    *    * " Section 5 gives power to the parole commission " to parole, conditionally

release, discharge, retake or reimprison " a person so committed.

The offense for which relator was convicted was punishable by imprisonment in a penitentiary, which was under the jurisdiction of the department of correction of the city of New York. (Greater N. Y. Charter [Laws of 1901, chap. 466], § 695, as amd. by Laws of 1912, chap. 456.)   The parole commission in the city of New York was created December 17, 1915.   (See People ex rel. Cerzosie v. Warden, etc., 181 App. Div. 934; 223 N. Y. 307.)   Chapter 579 of the Laws of 1915 was, therefore, in force at the time of the appellant's conviction and sentence.   He was, therefore, properly sentenced under that act.   The constitutionality and validity of the act has repeatedly been decided by the courts.

The appellant further claims that he was entitled to a diminution of the term of his imprisonment by reason of the " Compensation Law " (Laws of 1916, chap. 358).   Section 16 of that act* expressly states that the provisions of that act shall not apply to prisoners in any institution to which chapter 579 of the Laws of 1915 applies, who are committed thereto as provided in that act.

The order should be affirmed, without costs.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order affirmed.

---

## NOTE ON EXPOSURE OF PERSON.   PENAL LAW,
### § 1140.

An indictment on the General Statutes, chapter 165, section 6, for " open and gross lewdness and lascivious behavior " is supported by proof that a

---

* Adding to Prison Law (Consol. Laws, ch. 43; Laws of 1909, ch. 47), § 249.— [REP.

man intentionally and indecently exposed his person, without necessity or reasonable excuse therefor, in the house of another, to a girl eleven years old.  Commonwealth v. Wardell, 128 Mass. 52.

In Regina v. Watson, 2 Cox C. C. 376, and in Regina v. Webb it was decided that indecent exposure in the presence of only one person, although in a place of public resort, no others being able to see it, does not amount to an indictable offense.  But the indictments were for misdemeanors at common law.  (Id.)

Lewdness as used in the statute has a broader sense and means '' the irregular indulgence of lust, whether public or private.''  (Commonwealth v. Lambert, 12 Allen, 177.)

Where a man indecently exposes his person to a woman, and solicits her to have sexual intercourse with him against her opposition and remonstrance, his conduct amounts to open and gross lewdness and lascivious behavior, although no one else was present.  (State v. Millard, 18 Vt. 574.)

The crime of indecent exposure is committed if a person intentionally makes such exposure in the view from the windows of two neighboring dwelling houses.  (Van Houten v. State, 46 N. J. Law R. 16.)

It is not necessary that any person should actually see such exposure if it was made in a public place with the intent that it should be seen, and persons were there who could have seen if they had looked.  (Id.)

It is sufficient to support an indictment for indecent exposure of the person, if the act is done in a place where a great many people can see it, although that place is not a highway; as where the exposure on the roof at the back of a house where it could be seen from the back windows of many neighboring houses, and was seen by several persons therefrom. (Reg v. Thallman, 9 Cox Crim. Law Cases, 388.)

An exposure to one person in a passage of a public house leading to the public parlor, held insufficient.  (Reg. v. Webb, 3 Cox C. C. 183.)

A urinal in a public market has been held not to be a public place. (Reg. v. Orchard, 3 Cox C. C. 248.)

An indictment for indecent exposure, charging the offense to have been committed on a highway held not sustained by evidence that the offense was committed in a place near the highway, though in full view of it.  (Reg. v. Farrell, 9 Cox Crim. Law Cas. 446.)

An exposure seen by one person only, and being capable of being seen by one person only is not an offense at common law.   (Id.)

In order to support an indictment for indecent exposure in a public place it is sufficient to show that the offense was committed in a place where an assembly of the public is collected.   (Reg. v. Wellard, 15 Cox Crim. Law Cases, 559.)

Where the prisoner had exposed himself to a young girl in Paddington churchyard, the court held indictment could not be sustained.   (Reg. v. Watson, 2 Cox C. C. 376.)

A urinal open to the public held to be a public place.   (Reg. v. Harris, 4 L. J. 67 M. C.)

On the trial of an indictment for a misdemeanor, in exposing the bodies of defendants, naked and uncovered, to the public view, the intent with which the act was done is a material ingredient in the offense, and is a question of fact, for the consideration of the jury under all the circumstances of the case.   (Miller v. The People, 5 Barb. 203.)