## SUPREME COURT — SPECIAL TERM — NEW YORK.

### May, 1919.

## PEOPLE EX REL. ISIDORE KOPLITZ ET AL v. WARDEN.

### (112 Misc. 598.)

HABEAS CORPUS—WHEN WRIT DISMISSED—JURISDICTION—CRIMINAL LAW—
INDETERMINATE SENTENCE—PAROLE COMMISSION LAW (LAWS OF 1915,.
CHAP. 579, AS AMENDED IN 1916), § 9— PENAL LAW, §§ 720, 1937.

· The judges of the Court of General Sessions of the city of New York
and the justices of the Court of Special Sessions therein have power
under section 9 of the Parole Commission Law (Laws of 1915, chap. 579,
as amended in 1916) to commit persons under indeterminate sentence to
penitentiaries, etc., and section 1937 of the Penal Law is not applicable
to persons sentenced by either of said courts under the provisions of the
Parole Commission Law. So held on discharging writs of habeas corpus
where in one instance the relator is held by virtue of a judgment of said
Court of Special Sessions on his conviction for an attempt to commit
petit larceny and in the other instance the relator is held by virtue of a
judgment of said Court of General Sessions on conviction of an attempt
to commit grand larceny in the second degree.

The claim of another relator who upon his conviction in said Court of
Special Sessions for the misdemeanor of keeping a disorderly house was
given an indeterminate sentence which may last three years, that the
court, being without power to impose a definite sentence of three years,
it was without power to impose said indeterminate sentence, is without
merit.

Where another relator convicted in said Court of Special Sessions of
annoying persons in a public place by offensive and disorderly acts which
are made a misdemeanor by section 720 of the Penal Law, for which no
punishment is prescribed thereby and of which said court had jurisdic-
tion, the writ in his case will be dismissed and the prisoner remanded.

HABEAS CORPUS proceedings.

*Isidore Koplitz, Victor Holt, Harold Joyce* and *Morris Litt-
man,* in person, for writ.

*Edward Swann, District Attorney (Felix C. Benvenga,* of counsel), opposed.

HOTCHKISS, J.:

Each of the relators attack the validity of the Parole Commission Law (Laws of 1915, chap. 579, as amd. by Laws of 1916, chap. 358) under which he was sentenced.    The validity of this act is well settled.    In People ex rel. Pinchback v. Warden (184 App. Div. 777, 778), the court said:   "The constitutionality and validity of the act has repeatedly been decided by the courts."    In Matter of Koplitz and Holt: Koplitz is held by virtue of a final judgment of the Court of Special Sessions on conviction of the misdemeanor of attempted petit larceny.    (Penal Law, §§ 1290, 1296, 2.)    .Holt is held by virtue of a final judgment of the Court of General Sessions on conviction of the felony of attempted grand larceny in the second degree.    (Penal Law, §§ 1290, 1296, 2.)    The burden of the relators' argument is that their sentence is illegal, because the act in question does not specifically state " what judge or court should have the lawful power to enforce chapter 579."    But section 9 of the act expressly states that the " intent of this act " is " *   *   * to empower magistrates and courts of or in cities of the first class, in circumstances hereinbefore specified, to commit persons under indeterminate sentence to penitentiaries, reformatories and workhouses and to extend the reformatory and correctional functions of each and all of such institutions."    The court will take judicial notice of the following facts:  That New York is a city of the first class (Const., art. 12, § 2) ;  that the Court of General Sessions is a court " of or in " the city of New York (Code Crim. Proc., §§ 50-54) ; that the Court of Special Sessions is also a court " of or in " the city of New York.    (Code Crim. Proc., § 64; Inferior Crim. Courts Act, §§ 2, 3.    See, also, the caption of the several commitments in the Koplitz and Holt cases.)    The judges of the Court of General Sessions and the justices of the Court of

Special Sessions are " magistrates of or in cities of the first class " and empowered under section 9 (supra) " to commit persons under indeterminate sentence to penitentiaries," etc. (Vid. Code Crim. Proc., §§ 146, 147.)    These relators also claim that " the maximum penalty " for their crime is specified in Penal Law, § 1937.    Penal Law, § 1937, has been held inapplicable to persons sentenced under the provisions of the Parole Commission Act.    (People ex rel. Pinchback v. Warden, 184 App. Div. 777.)    In Matter of Joyce: Joyce is held by virtue of a final judgment of the Court of Special Sessions on conviction of the misdemeanor of keeping a disorderly house. Joyce claims that he " should have been dealt with under the provisions of the Misdemeanor Act, section 1937 of the Penal Code."    Probably he means Penal Law, § 1937.    This contention is without merit.    (People ex rel. Pinchback v. Warden, supra.)    Joyce also claims that since the Special Sessions has no power to impose a definite sentence of three years, it has no power to impose an indeterminate sentence which may last three years.    But, since the Court of Special Sessions is expressly given the power to impose the indeterminate sentence by the Parole Commission Law, it would seem to be immaterial whether or not they have the power to impose a definite sentence for a period which may last as long as the indeterminate sentence.    The Cosgriff Case (195 N. Y. 190) does not help the relator.    The crime charged was petit larceny as a second offense.    The point involved was whether the Police Court had jurisdiction.    That court could not impose a sentence of more than one year.    The offense charged was punishable by imprisonment for two years, and was, in effect, a felony, because under the Code provisions a state prison sentence might be imposed.    It was held that the court had no jurisdiction, even if the offense was not technically a felony, as it was not empowered to impose the two-year penalty.    Besides, the offense being subject to an infamous punishment, hard labor in a state prison, indictment and jury trial was essential.    The

court said (p. 197) : " It is unnecessary in this case to decide how great punishment the Legislature may constitutionally authorize Courts of Special Sessions to impose on a conviction without a common-law jury." In Matter of Littman : Littman is held by virtue of a final commitment of the Court of Special Sessions " on conviction by trial of the misdemeanor of unlawfully annoying persons in a public place by offensive and disorderly acts." These acts are made a misdemeanor by Penal Law, § 720, and no punishment is prescribed by that section. This is an offense of which the Court of Special Sessions has jurisdiction. (Inferior Crim. Courts Act, § 31.) Relator seems to be under the misapprehension that his conviction was for a violation of sections 1458 and 1459 of the Consolidation Act, which makes certain specified acts " disorderly conduct tending to a breach of the peace," of which offenses police magistrates have summary jurisdiction (Consol. Act, §§ 1458, 1459 ; Cohen v. Warden of Workhouse, 150 N. Y. Supp. 596), a totally different offense. Of course if his conviction was for a violation of the Consolidation Act provisions, his sentence would be improper. But it was for a violation of the provisions of the Penal Law, a misdemeanor of which the Court of Special Sessions had jurisdiction. Writs dismissed and prisoners remanded to custody.

Writs dismissed.