THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MORRIS GLEEKSMAN, Appellant.

*Crime — selling indecent literature.*

Appeal from a judgment of the Court of Special Sessions of the City of New York convicting the defendant of a violation of section 1141 of the Penal Law.

Judgment affirmed. No opinion. Present — Clarke, P. J., Laughlin, Dowling, Smith and Davis, JJ.; Clarke, P. J., dissented.

CLARKE, P. J. (dissenting): The appellant was convicted of a violation of the provisions of section 1141 of the Penal Law which so far as applicable is as follows: " 1. A person who sells, lends, gives away or shows, or offers to sell, lend, give away, or show, or has in his possession with intent to sell, lend or give away, or to show,  * * *  any obscene, lewd, lascivious, filthy, indecent or disgusting book, magazine, pamphlet, newspaper, story paper, writing, paper, picture, drawing, photograph, figure or image, or any written or printed matter of an indecent character;  * * *  is guilty of a misdemeanor, and, upon conviction, shall be sentenced to not less than ten days nor more than one year imprisonment or be fined not less than fifty dollars nor more than one thousand dollars or both fine and imprisonment for each offense." There is no dispute as to the fact that the appellant had in his possession with intent to sell the book in evidence upon which the information was founded. There is no doubt that the book contains filthy, indecent, disgusting and sacrilegious matter. If we were untrammelled by authoritative decisions of the court of last resort I would have no hesitation in voting to affirm this judgment. I feel bound, however, to subordinate my views to those of the Court of Appeals as expressed in *People* v. *Eastman* (188 N. Y. 478). In that case the dissenting opinion said: " If this paper is not of an indecent character and within the prohibition of the statute, then it is impossible, as I think, to conceive

of any printed matter that would be. It would seem to be a work of supererogation to argue, or to cite authorities, in support of the proposition that a writing so vile and nasty as this appears to be is of an indecent character;  *  *  *." In reading this statute there may be some danger of falling into the error of construing " indecent " as synonymous with " lewd, lascivious," etc., used in connection with it, but an examination of the language of the section, from its appearance in the original Code of 1881 to the present time,* clearly discloses that the word does not necessarily have any reference to morals. The prohibition is against an " obscene *or* indecent" publication. The majority of the court, however, held to the contrary, saying: " The court is of opinion that the publication set forth in the indictment is improper, intemperate, unjustifiable and highly reprehensible, nevertheless, it is not ' indecent ' as that word is employed in section 317 of the Penal Code. The definitions given by the standard lexicographers are not controlling in deciding its legal signification; many meanings as used in ordinary conversation are also irrelevant.  *  *  * It is clear from the manner in which the Legislature has used the word ' indecent ' that it relates to obscene prints or publications; it is not an attempt to regulate manners, but it is a declaration of the penalties to be imposed upon the various phases of the crime of obscenity. The word ' indecent ' is used in a limited sense in this connection and falls within the maxim of *noscitur a sociis*." In concurring Chief Judge Cullen said: " I concur in the opinion of the majority of the court, that the article complained of does not fall within the provisions of section 317 of the Penal Code, under which the defendant was indicted, which section makes it a misdemeanor to sell, give away or show any ' obscene, lewd, lascivious, filthy, indecent or disgusting book, paper or picture,' etc.  *  *  * That it is ' indecent ' from every consideration of propriety is entirely clear, but that is not the indecency condemned by this section of the Code. The preceding section punishes indecent exposure of person, the next section the sale of articles for indecent or immoral use. The chapter in which all the sections are found is entitled ' Indecent exposures, obscene exhibitions, books and prints, and bawdy and other disorderly houses.' From the context of the statute it is apparent that it is directed against lewd, lascivious and salacious or obscene publications, the tendency of which is to excite lustful and lecherous desire." *People* v. *Eastman* does not seem to have been questioned, weakened or modified by any subsequent decision of the Court of Appeals. It is, therefore, as I view it, a controlling interpretation of the section under which the information was founded and the appellant convicted. As it does not seem to me that the book in question is a " lewd, lascivious and salacious or obscene publication, the tendency of which is to excite lustful and lecherous desire " I am constrained to vote for a reversal.

---

* See Penal Code (Laws of 1881, chap. 676), § 317, as amd. by Laws of 1884, chap. 380; Laws of 1887, chap. 692, and Laws of 1900, chap. 731; now Penal Law, § 1141.— [REP.