THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALZAMON IRA LUCAS, Relator, v. WARDEN OF NEW YORK CITY PENITENTIARY at Riker's Island, New York City, Respondent.

Supreme Court, Special Term, Bronx County, July 16, 1940.

*Salvatore M. Vella,* for the relator.

*Samuel J. Foley, District Attorney [John B. Lee, Assistant District Attorney,* of counsel], for the respondent.

EDER, J. Habeas corpus proceeding. The relator was convicted on March 24, 1939, in the Court of Special Sessions, New York County, charged with the unlawful practice of medicine (Education Law, §§ 1250, 1263, subd. 2 [a]), and on March 31, 1939, was sentenced to the New York City Penitentiary in accordance with section 4 of chapter 579 of the Laws 1915 (formerly in the Unconsolidated Laws [McKinney's Consolidated Laws], vol. 65, p. 105, §§ 751–759). By section 86 of chapter 661 of the Laws of 1939, in effect June 2, 1939, sections 751 to 759 were repealed; they are now incorporated in the Consolidated Laws as a new article — article 7-A of the Correction Law — as sections 200 to 208, inclusive. (Laws of 1939, chap. 661.)

Under the said statute, pursuant to which he was committed to the New York City Penitentiary, the relator may be detained for a maximum period of three years, subject to the power of the parole commission to release him at any time within the three-year period. So that, in the absence of the exercise of the parole power, the relator's term would normally expire on or about March 31, 1942.

The Education Law makes the unlawful practice of medicine a misdemeanor and specifically provides as the punishment therefor "imprisonment for not more than one year." (Education Law, § 1263, subd. 3.) Subdivision 3 became effective March 7, 1927. (Laws of 1927, chap. 85.) It is thus seen that this specific penalty was fixed some twelve years subsequent to the passage of the New York City Parole Commission Act. The relator contends that by the passage of the later statute, viz., subdivision 3 of section 1263 of the Education Law, limiting the term of imprisonment to not more than one year — passed *after* the Parole Commission Law, this had the effect of repealing and abrogating the term of imprisonment fixed by the Parole Commission Law, and that, having served more than the term fixed by the said provision of the Education Law, he is entitled to be discharged.

The contention thus made is not without its measure of merit and force. In *People ex rel. White* v. *Commissioner of Correction* (198 App. Div. 384) the Appellate Division in the Second Department, by a divided court, ruled against a similar claim made by the prisoner. The Appellate Division in this department, in *People ex rel. Rabiner* v. *Warden of City Prison* (209 App. Div. 795), followed this ruling. Neither of these cases was taken to the Court of Appeals. The *White* case was decided in 1921; the *Rabiner* case in 1924.

The Parole Commission Law is a special law in that it is applicable only to certain localities in the State, to wit, to cities of the first class, while the Education Law is general in its application to the State at large.

It is a rule of statutory construction that a special statute is not repealed by a subsequent statute general in its terms, provisions and application, unless the intent to repeal is manifest, although the terms of the general act are broad enough to include the cases embraced in the special law. (*People ex rel. Young* v. *Gulvin*, 164 App. Div. 768.) But there is no rule of law which prohibits the repeal of a special act by a general one without the express use of words; the question obviously is always one of legislative intent. (*People* v. *Jaehne*, 103 N. Y. 182; *People ex rel. Fleming* v. *Dalton*, 158 id. 175, 184.)

Thus if the statutes are so inconsistent that the prior special act cannot operate when the general act is given the fair construction required by its language, the former must be deemed abrogated. The inconsistency is said to sufficiently indicate an intent to repeal the earlier statute. (*People* v. *Quigg*, 59 N. Y. 83, 88; *People ex rel. Fleming* v. *Dalton*, 158 id. 175, 184; *People* v. *Kaye*, 160 App. Div. 644; affd., 212 N. Y. 407.) Thus in *Virginian Railway* v. *Federation*

(300 U. S. 515), decided in 1937, it was held that specific provisions of a later act cannot be rendered nugatory by the more general provisions of an earlier act (p. 563). To like effect, see *Callahan* v. *United States* (285 U. S. 515, 518 [1932]). It would seem, therefore, that relator's claim is not an unsubstantial one. However, I am bound by the rulings in the *White* and *Rabiner* cases (*supra*). The matter would seem to be one warranting review by the Court of Appeals. In the situation herein, I am, therefore, constrained to dismiss the writ. Relator remanded. Submit order.