THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT TOMA-
SULA, Appellant, against JOHN F. FOSTER, as Warden of
Auburn State Prison, Respondent.

Fourth Department, May 22, 1946.

*Robert Tomasula,* appellant in person.

*Nathaniel L. Goldstein, Attorney-General (William S. Elder,
Jr.,* of counsel), for respondent.

HARRIS, J.   Here is involved the power of a court, after con-
viction for a felony, to sentence the convicted defendant to the
New York State Vocational Institution at West Coxsackie for a
stated term of years.

The appeal is from an order made by the Special Term which order dismissed a writ of habeas corpus bringing the relator Robert Tomasula into court, denied his application for release and remanded him to the custody of the warden of Auburn State Prison.

On November 23, 1942, at the County Court of Livingston County (WHEELER, County Judge) the appellant, then aged sixteen years, was convicted of burglary, third degree, on his plea of guilty and was sentenced by the County Judge to " be imprisoned at hard labor in the New York State Vocational School at West Coxsackie, N. Y., for the term of not less than one year, nor more than three years." Following such sentence he was delivered to the superintendent of the State vocational institution and confined there. On January 21, 1944, he was paroled from the vocational institution but was declared delinquent in August, 1944, and on such declaration was returned to the vocational institution, and later successively transferred by orders of the Commissioner of Correction to Clinton Prison and then to Auburn Prison. By the return of the warden of Auburn Prison, he claims to hold appellant by authority of the 1942 commitment to West Coxsackie. The contention of the appellant on this review is that he should have been released at the end of three years from the time of his original commitment to the vocational institution. The respondent warden contends that the County Court had no power to state a term of years on the commitment to the vocational institution but that the commitment should have been until discharged by law under the provisions of article 13-A of the Correction Law of the State of New York; he further claims that the use of the words " for the term of not less than one year, nor more than three years " is surplusage and is to be disregarded in considering the rights of this appellant prisoner. At the time of the sentence, the punishment for burglary, third degree, was for a term not exceeding ten years. (Penal Law, § 407, subd. 3.)

Section 331 of the Correction Law, then provided and does now provide: " There shall be in the department of correction a state reformatory institution for the care, supervision, and training of persons legally committed thereto, to be known as the New York state vocational institution, which shall be for the care, treatment, training and education of a male person, sixteen years of age or over but less than nineteen years of age * * * who has been found guilty of a misdemeanor or a felony other than one punishable by death or life imprisonment * * * ".

Section 343 of the Correction Law, provides, in part: " Any person who shall be convicted of an offense punishable by imprisonment in the * * * New York state vocational institution, shall be imprisoned according to the statutes relating thereto, the term of such imprisonment of any such person convicted and sentenced for a felony shall be terminated as provided by law, but such imprisonment shall not exceed the maximum term provided by law for the offense for which said person was convicted and sentenced."

Section 2184-a of the Penal Law provides: " Where a male person, sixteen years of age or over, but less than nineteen years of age, has been adjudicated to be * * * guilty * * * of a felony, except crimes punishable by death or life imprisonment, the trial court may, instead of sentencing him to imprisonment in a state prison * * * direct him to be confined in * * * the New York state vocational institution, under the provisions of the statutes relating thereto. The term of any person so convicted and sentenced for a felony shall not exceed the maximum term, provided by law for the crime for which the person so convicted and sentenced * * * ".

Section 338 of the Correction Law provides for the parole and discharge of prisoners at the vocational institution, and section 344 of the Correction Law provides that in the event the institution is overcrowded, or the person confined is incorrigible and his presence therein is seriously detrimental to the institution, the commissioner upon recommendation of the superintendent by order may cause such person to be transferred to another institution in the Department of Correction. The person so transferred is to continue to be confined under an indeterminate sentence and may be returned to the vocational institution at the discretion of the Commissioner of Correction. It was under the last-named section (§ 344) that the appellant prisoner was transferred to the State prison at Auburn.

It is to be noted that the provisions of section 407 of the Penal Law, which provided for punishment by imprisonment for a term of years, recites " burglary is punishable by imprisonment in a state prison ".

Provisions similar to those above quoted, in reference to the vocational institution, are to be found in reference to commitment to the New York State reformatory at Elmira and the New York State reformatory for women, known as Westfield State Farm. The scheme and plan back of the commitment to reformatories is to provide for " reformation rather than punishment", (*People ex rel. Rabiner* v. *Warden of City Prison,* 209

App. Div. 795; *People ex rel. Kipnis* v. *McCann,* 199 App. Div. 30; *People* v. *Glowacki,* 174 Misc. 415), and it is fair to conclude that, in view of such scheme and plan, the control of the person committed to such an institution is to be in the hands and in the judgment of those superintending the institution who are presumed to be qualified authority to obtain and to pass on the results obtained by incarceration in these institutions for reform. The sentence of the prisoner appellant under discussion here has been the subject of the opinion of the Attorney-General. (1943 Atty. Gen. 238.) In such opinion, the Attorney-General advised the Department of Correction that the prisoner committed to the vocational institution could not be committed for a stated number of years; therefore the respondent here takes the position that the words " not less than one year, nor more than three years " should be disregarded and that the appellant should be held liable to continue incarceration under the direction of the Commissioner of Correction up to not more than ten years. Such contention does not seem to be the correct solution of the question before this court. The County Court in sentencing the appellant prisoner evidently had in mind that a term not exceeding three years would be sufficient to punish him for the crime of burglary, third degree, and apparently had the further thought that the vocational institution would afford to the prisoner a place where he would get the best supervision and control. These two thoughts are not consistent under the statutes. Either the appellant should have been sentenced to a State prison for an indeterminate number of years or he should have been committed to the vocational institution until discharged by law. Neither result was obtained nor can be obtained by the sentence as imposed.

Section 337 of the Correction Law provides: " When it shall appear to the superintendent that persons are improperly committed, the provisions of section two hundred and seventy-nine of this chapter shall have effect."

Section 279 provides, in substance, that when it appears to the satisfaction of the superintendent that any person so committed is not properly committed, the superintendent shall cause the return of such person to the county from which he was committed for the purpose of correction of the sentence by the court where he originally was sentenced. On the sentence given to the appellant it was and is the duty of the superintendent to return the appellant as provided for in sections 337 and 279 of the Correction Law to the County Court of Livingston County for resentence. Then that County Court may determine whether

the prisoner appellant should be confined at a State prison for a stated number of years or committed to a vocational institution until discharged by law, or have such other penal discipline or sentence which may be proper for that court to make provision for on a conviction of burglary, third degree.

The order of Special Term should be modified by providing for the return of the appellant prisoner to Livingston County for such resentence and as modified should be affirmed, without costs.

All concur. Present — TAYLOR, P. J., DOWLING, HARRIS, McCURN and LOVE, JJ.

Order modified on the law in accordance with the opinion and as modified affirmed, without costs of this appeal to either party.