THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JUAN BONANO, Appellant.

First Department, November 17, 1960.

*Otto F. Fusco* for appellant.

*Bertram R. Gelfand* of counsel (*Walter E. Dillon* with him on the brief; *Isidore Dollinger, District Attorney*), for respondent.

*Per Curiam.* In December, 1958, a multiple count indictment was returned against the defendant. On June 24, 1959 the defendant pleaded guilty to one of the counts — violation of

subdivision 1 of section 1751-a of the Penal Law, a misdemeanor. The defendant and his counsel thereupon waived the provisions of section 472 of the Code of Criminal Procedure and defendant was sentenced to an indeterminate term in the city penitentiary. (Correction Law, § 203.) It is conceded that at the time of sentence there was before the court documentary evidence of which the prosecutor had knowledge establishing that the defendant had been convicted in August, 1957 of a violation of the narcotic laws of the State of California.

Subdivision 4 of section 1751-a provides in part that "If at any time, either after sentence or conviction, it shall appear that a person convicted of a misdemeanor under section * * * [1751-a] * * * has previously been convicted of a crime relating to narcotic drugs * * * it shall be the duty of the district attorney * * * to file an information accusing the said person of the previous conviction." The statute goes on to provide for arraignment and trial before the court of the issue of identity if the defendant denies that he is the same person or remains silent. If identity is established by admission or finding of the court, punishment must be imposed as provided in subdivision 2 of the same section. Therein it is stated that a multiple offender, such as this defendant, "shall be sentenced * * * for a definite fixed period which shall be not less than six months and not more than one year."

Upon this appeal two questions are presented. First, did the statutory provision mandate the filing of an information and second, was the court required to impose the definite fixed period specified in the statute? In our opinion both questions must be answered in the affirmative.

The language of the statute under consideration relating to the necessity of the filing of an information is identical with that found in section 1943 of the Penal Law providing, among other things, for the arraignment of alleged multiple felony offenders. In construing the latter section the court in *People v. Gowasky* (244 N. Y. 451, 465) stated that "The district attorney is charged with the duty of filing an information accusing the convicted defendant of his previous convictions. This is not discretionary; it is mandatory."

The requirement in section 1751-a that one previously convicted of a crime relating to narcotic drugs upon conviction of one of the specified misdemeanors should receive a stated fixed sentence was first enacted by chapter 528 of the Laws of 1956, as amended by chapter 817 of the Laws of 1957. At the time the 1956 amendment was under consideration the legislative representative of the City of New York, in a memorandum support-

ing the measure, quoted the Police Commissioner of the City as having written that "It has been estimated that it takes a minimum of four months away from drugs under medical supervision to effect any sort of cure. This amendment will make mandatory a minimum sentence of six months on second narcotic misdemeanants." (N. Y. Legis. Annual, 1956, p. 32.)

Turning to section 203 of the Correction Law, under which sentence was here imposed, we find the provision that "The court in imposing sentence shall not fix or limit the term of imprisonment of any person sentenced to any such penitentiary. The term of such imprisonment shall be terminated in the manner prescribed in section two hundred four of this article and not otherwise, and shall not exceed three years." This statutory scheme was considered in *People* v. *Tower* (308 N. Y. 123). It was there written (p. 125) that "Under the Correction Law the function of the sentencing court is to determine, at the time of sentence, whether or not the defendant is capable of receiving substantial benefit by commitment to a correctional and reformatory institution. If the court concludes, as it did here, that the defendant is so capable, then it must impose an indeterminate term of imprisonment. Nowhere in the statute is authority given to courts to recommend the length of imprisonment at the time of such sentencing and it was improper for the court to have done so here. It is the function of the Parole Commission to determine, in the first instance, when the prisoner is sufficiently rehabilitated or reformed to be fit for return to society (see Correction Law, § 204). The court then, and then only, has power to approve or disapprove that recommendation."

We are unable to agree with the contention that the Legislature in amending section 1751-a only intended that such definite fixed period of imprisonment should be imposed in the event the court did not sentence under section 203 of the Correction Law. The plain legislative intent was that narcotic recidivists should be sentenced upon conviction of a second or other multiple offense to a term of not less than six months and not more than one year.

The judgment of conviction should be reversed, on the law, and the defendant, in the exercise of discretion, remanded for resentencing.

VALENTE, J. (dissenting). Defendant appeals from a judgment convicting him, upon his plea of guilty, of a violation of subdivision 1 of section 1751-a of the Penal Law (possession of narcotics, as a misdemeanor). The gravamen of defendant's appeal is that he was illegally sentenced to be committed to the

New York City Penitentiary for an indefinite term pursuant to article 7-A of the Correction Law. Appellant contends that, since at the time of sentence the fingerprint record of the defendant disclosed that defendant had been convicted in California in August, 1957 of a violation of a narcotics statute (Health and Safety Code of the State of California, § 11500), it was incumbent upon the District Attorney to file an information for such prior conviction under subdivision 4 of section 1751-a of the Penal Law; and that under subdivision 2 of section 1751-a, in view of the prior conviction, it was mandatory upon the court to sentence defendant " to imprisonment for a definite fixed period which shall be not less than six months and not more than one year ", and that an indeterminate sentence under article 7-A of the Correction Law was consequently unlawful.

The indeterminate sentence to the New York City Penitentiary was imposed on defendant pursuant to article 7-A of the Correction Law (which was the successor to the Parole Commission Law — L. 1915, ch. 579). In *People* v. *Thompson* (251 N. Y. 428, 432) LEHMAN, J., said: " The Parole Law, as I have pointed out, merely provides an alternative system of punishment in cities of the first class. Elsewhere the courts must impose the penalty fixed by law for the offense upon which there has been a conviction. Even in cities of the first class, the alternative system of punishment is applied only where capacity to benefit by the alternative system exists. Otherwise, the courts must impose the same form of punishment used throughout the State." So, too, in *People ex rel. Kipnis* v. *McCann* (199 App. Div. 30, 38, affd. 234 N. Y. 502) DOWLING, J., speaking for this court said: " The plain purpose of the Parole Commission Act is to give every person who has been convicted of a crime in cities of the first class, punishable by imprisonment in the places specified in the act, an opportunity to benefit by the disciplinary, correctional and reformatory purposes of the institutions under the jurisdiction of the department of correction, unless the trial court deems the offender mentally or physically incapable of being substantially benefited thereby."

Thus, it is apparent that article 7-A of the Correction Law is legislation applicable to cities of the first class, like New York City, and any provisions in the Penal Law regarding punishment for misdemeanors — which have general application throughout the State — are not in conflict with article 7-A but, where the court finds a defendant may benefit by reformatory treatment, are supplanted by article 7-A. Hence, though provisions of the Penal Law provide for sentence of no more than one year, a defendant may be sentenced to confinement in the

City Penitentiary under article 7-A for a period which might extend up to three years. (*People ex rel. Rabiner* v. *Warden of City Prison,* 209 App. Div. 795; *People ex rel. White* v. *Commissioner of Correction,* 198 App. Div. 384.)

There are numerous provisions in the Penal Law providing for definite minimum and maximum sentences upon conviction for a misdemeanor. For example, section 998 of the Penal Law (added by L. 1960, ch. 549, § 2, eff. Sept. 1, 1960) provides for punishment for second and third convictions for gambling. The punishment to be imposed for second offenders is " imprisonment for not less than ten days or more than one year ", and for more than two convictions, " not less than thirty days or more than one year ". Again under the obscenity statute (Penal Law, § 1141), a person convicted of a misdemeanor thereunder " shall be sentenced to not less than ten days nor more than one year imprisonment ".

It is obvious that the compulsory minimum sentences in the foregoing sections were meant to strengthen the laws by guaranteeing some punishment upon conviction. But their application could not nullify article 7-A of the Correction Law which gave the sentencing Judge upon a conviction for any misdemeanor the power to impose an alternative punishment where the offender could benefit from reformatory treatment. As was said by DOWLING, J., for this court in *People ex rel. Rabiner* v. *Warden of City Prison (supra,* p. 799): " I do not believe that any subsequent legislative enactments by way of amendment either of the Penal Law or Code of Criminal Procedure could operate as a repeal, modification or restriction of the system created by the Parole Commission Law, unless the intention to make such repeal or changes apply to cities of the first class, as well as to the State at large, was clearly expressed." Only where the court determined that the offender was not subject to reformatory treatment would the specific sentences provided for in the statutes be applicable.

The precise contention made by appellant herein was raised in *People* v. *Gleeksman* (178 App. Div. 882) decided in this Department in 1917. There the defendant, who was convicted of a violation of section 1141 of the Penal Law, and was sentenced to the " New York County Penitentiary to be dealt with according to law ", contended that he should have been sentenced only under the provisions of section 1141 of the Penal Law, which prescribed punishment for not less than 10 days nor more than one year. In affirming the conviction and sentence, this court did not even deign to dignify the contention by an opinion.

The dissenting opinion of CLARKE, P. J., merely discussed the merits of the conviction and made no allusion to the point of a claimed illegal sentence, evidently agreeing that no illegal sentence was involved.

The decision in *People* v. *Gleeksman* (*supra*) is controlling here. Provision for a definite minimum sentence is mandatory in New York City where there has been a conviction for a misdemeanor only if the court finds that the defendant is not a fit subject for reformatory treatment. Since the court in the instant case made no such finding, it had the power to sentence defendant under article 7-A of the Correction Law. Only if a contrary finding were made, and a definite sentence then became necessary, would it have been essential to adhere to the procedure of subdivision 4 of section 1751-a about filing an information.

The conclusion reached by the majority of this court — that narcotic recidivists must be given definite sentences of not less than six months and not more than one year — not only ignores article 7-A of the Correction Law but is patently unrealistic. Under subdivision 1 of section 1751-a of the Penal Law, a first offender who violates the provisions of law regarding narcotic drugs is guilty of a misdemeanor and may be imprisoned for a term "not exceeding one year". There can be no doubt that such an offender may be sentenced in the City of New York under article 7-A of the Correction Law, and his imprisonment may extend up to three years. (*People ex rel. Rabiner* v. *Warden of City Prison,* 209 App. Div. 795, *supra*; *People ex rel. White* v. *Commissioner of Correction,* 198 App. Div. 384, *supra*.) This court now says, that upon subsequent convictions, even though it may be found that a defendant is a fit subject for reformatory treatment, the offender may only be sentenced to a definite term, the maximum of which shall be one year. On its face such a result places a premium on recidivism — a consequence hardly to be expected from a statute whose purpose was to insure mandatory minimum sentences for second narcotic misdemeanants. The provisions of subdivision 2 of section 1751-a of the Penal Law were amended in 1956 to prevent courts from giving definite sentences of 30, 60 and 90 days to such offenders, and to make certain that when a definite sentence was imposed that it would be for a period affording a sufficient opportunity for a cure. The decision now announced perverts the impelling salutary legislative purpose of guaranteeing a minimum sentence into one restricting the possible maximum confinement. The legislation should not be read in such a confining manner so as to frus-

trate its apparent intention and to inject a dislocating factor in well-accepted sentencing procedures under article 7-A of the Correction Law, which have had support in past court decisions.

I would, therefore, affirm.

BREITEL, J. P., McNALLY, STEVENS and BASTOW, JJ., concur in *Per Curiam* opinion; VALENTE, J., dissents and votes to affirm in opinion.

Judgment of conviction reversed, on the law, and the defendant, in the exercise of discretion, remanded for resentencing.