Irwin D. Davidson, J.
On April 26, 1962, petitioner, as a second misdemeanor narcotics offender, was sentenced to the city penitentiary for an indefinite term. He challenges that sentence hy a writ of error coram nobis, claiming that under section 1751-a of the Penal Law he should be sentenced to a definite fixed term of not less than six months and not more than one year. He relies on People v. Bonano (11 AD 2d 384) as authority for his position. Petitioner’s application must be denied. Coram nobis does not lie to correct an error of law which appears on the face of the record (People v. Sullivan, 3 N Y 2d 196). Even if it be assumed that petitioner were correct in his contention, his proper remedy would be by an appeal from the judgment of conviction which he claims is invalid or by a motion for resentence, and not by writ of error coram nobis. Examining the merits, the petitioner’s application, if considered as a motion for resentence, must likewise be denied. Section 1751-a (as amd. by L. 1962, ch. 113, eff. March 1,1962) added subdivision 5, which provides: ‘ ‘ Nothing herein contained relating to minimum and maximum sentences shall be construed to limit the operation of article seven-a of the correction law.” This new amendment renders the decision of People v. Bonano (supra) of no effect. Apparently the Legislature added subdivision 5 to section 1751-a of the Penal Law to overrule and nullify the holding of People v. Bonano. It intended to permit the court, in its discretion, to commit a second misdemeanor narcotics offender to the city penitentiary for an indefinite term if it believed the offender was a fit subject for reformatory treatment. It may not be presumed that a court which imposes a sentence under section 203 of the Correction Law (city penitentiary indeterminate sentence) intends to inflict punishment more severe than a sentence to a definite term in the absence of a finding of incorrigibility (People v. Zuckerman, 5 N Y 2d 401). No finding was made by me that this petitioner was incorrigible or that he might not benefit from a *122 commitment to the penitentiary for an indefinite term. In fact it was my belief that petitioner would be benefited by the reformatory treatment under this sentence and the parole supervision accorded after the period of confinement. Petitioner’s application for a writ of error coram nobis is denied. The District Attorney is directed to submit an order in conformity with this decision and serve a certified copy upon the petitioner in the place where he is confined.