## CHAPPELL CHEMICAL AND FERTILIZER COMPANY *v.* SULPHUR MINES COMPANY (No. 2).

ERROR TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.

No. 92.   Argued December 16, 1898. — Decided January 9, 1899.

The Court of Appeals of Maryland, in dismissing this case, said: "The defendant, long after the time fixed by the rule of court, demanded a jury trial, and, without waiting for the action of the court upon his motion, and indeed before there was any trial of the case upon its merits and before any judgment, final or otherwise, was rendered, this appeal was taken from what the order of appeal calls the order of court of the 6th of February, 1896, denying the defendant the right of a jury trial; but no such order appears to have been passed. On the day mentioned in the order of appeal there was an order passed by the court below fixing the case for trial, but there was no action taken in pursuance of such order until subsequent to this appeal. There is another appeal pending here from the orders which were ultimately passed." *Held*, that no Federal question was disposed of by this decision.

THIS cause was argued with No. 91, the preceding case. The case is stated in the opinion.

*Mr. Thomas C. Chappell* for plaintiff in error.

*Mr. James M. Ambler* and *Mr. Randolph Barton* for defendant in error. *Mr. Skipwith Wilmer* and *Mr. Randolph Barton, Jr.*, were on their brief.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This is a writ of error to the Court of Appeals of the State of Maryland to review a judgment made by it, and which is hereafter set out.

The action was at law for the recovery of eight thousand dollars for money payable, goods sold and work done, and materials furnished by defendants in error (plaintiffs in the court below) to plaintiff in error, (defendant in the court below,) and was brought in one of the city courts of Baltimore,

Maryland. To the declaration a plea was filed February 12, 1895, averring .that the defendant was never indebted and never promised as alleged. On January 13, 1896, under the Maryland practice, upon the suggestion of the defendant (plaintiff in error) that it could not have a fair trial, the case was "transmitted" to the Supreme Court of Baltimore, Maryland.

The record contains a number of motions and exceptions to the rulings on the motions. One of these exceptions was that the ruling of the court deprived plaintiff in error of a jury trial under a law of Maryland and the rules of court made in accordance therewith, which law and rules plaintiff in error alleges are repugnant to the Constitution of the United States. Another objection was to an order made on the 6th of February, 1896, requiring plaintiff in error to employ new counsel, the cause under the practice of the court having been peremptorily set for trial on the 20th of February, 1896, after having been twice postponed for the alleged sickness of counsel.

An appeal was entered from this order and perfected. The Court of Appeals dismissed it December 3, 1896, saying:

"The appeal in this case having been prematurely taken, the motion to dismiss it must prevail.

"The defendant, long after the time fixed by the rule of court, demanded a jury trial, and .without waiting for the action of the court upon his motion, and indeed before there was any trial of the case upon its merits and before any judgment, final or otherwise, was rendered, this appeal was taken from what the order of appeal calls the order of court of the 6th of February, 1896, denying the defendant the right of a jury trial; but no such order appears to have been passed. On the day mentioned in the order of appeal there was an order passed by the court below fixing the case for trial, but there was no action taken in pursuance of such order until subsequent to this appeal. There is another appeal pending here from the orders which were ultimately passed.

"Appeal dismissed."

No Federal question was disposed of by this decision.

*Writ of error dismissed.*