COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, upon the Complaint of KATIE KRUSHEL, Complainant, Respondent, *v.* NICHOLAS LADUTKO, Appellant.

First Department, May 5, 1939.

*Abner H. Silverman* of counsel [*Emanuel Butter* and *Alfred Waksman* with him on the brief; *Butter & Silverman*, attorneys], for the appellant.

*Stanley Buchsbaum* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

MARTIN, P. J. I concur in the opinion of Mr. Justice COHN that incompetent evidence was received.

I vote to reverse and dismiss the proceeding on the additional ground that the evidence in this case does not sustain the finding of the court that the defendant was the father of the complainant's child. The evidence offered to prove that fact was unsatisfactory and insufficient, particularly in view of the strong presumption of legitimacy. The documentary evidence in the record discloses that the complainant's child was born on February 15, 1929, at which time the complainant was married to her first husband, William Dubronski, from whom she obtained a divorce on February 20, 1930. This proceeding was not instituted until 1938, at which time the child of the complainant was more than nine years of age.

The order appealed from should be reversed and the proceeding dismissed.

TOWNLEY and CALLAHAN, JJ., concur; O'MALLEY, J., dissents and votes to affirm; COHN, J., dissents from the dismissal of the proceeding and votes for reversal and a new trial.

COHN, J. (dissenting). This order should be reversed and a new trial ordered for the reason that the court erroneously received incompetent evidence. Over objection, testimony by the mother as to non-access with her husband during the marriage was admitted at the trial. This evidence was allowed by reason of a provision of the Inferior Criminal Courts Act which now purports to permit testimony by either spouse as to non-access. (§ 67 [formerly 35-g], subd. 1, Laws of 1930, chap. 434.) The provision of law which permits such testimony in filiation proceedings reads as follows: " If the mother is married both she and her husband may testify to non-access." This rule of evidence which applies only to trials held in the Court of Special Sessions of the City of New York contravenes the Fourteenth Amendment of the Federal Constitution in that it denies to persons within the jurisdiction of the State the equal protection of the laws; and it violates the State Constitution (Art. 1, § 6) in that it deprives a person of liberty and property without due process of law. For a failure to make payments pursuant to an order of filiation, the defendant may be committed to prison. (Inferior Criminal Courts Act, § 71.)

Under the common law, in filiation cases where the mother was a married woman, it was uniformly held that the wife was not a competent witness to prove the non-access of the husband. (*Chamberlain* v. *People*, 23 N. Y. 85, 90.) Good morals and public decency would seem to dictate that a husband or wife should not be permitted to testify as to non-access for the purpose of establish-

ing that a child born during the marriage is not legitimate. (*Caujolle* v. *Ferrié*, 23 N. Y. 90; *Cross* v. *Cross*, 3 Paige, 139; *Van Aernam* v. *Van Aernam*, 1 Barb. Ch. 375; *Taylor* v. *Taylor*, 123 App. Div. 220, 223; *Flint* v. *Pierce*, 136 N. Y. Supp. 1056.) The statute which undertakes to effect a change in the common-law rule by allowing such proof within the city of New York while such testimony is still inadmissible in the rest of the State, is based upon no reasonable ground for the distinction which it makes. Even in its application to New York city the challenged rule applies only at paternity trials had in the Court of Special Sessions, whereas the common-law rule remains unchanged for other courts in the city. This differentiation within the borders of the State should be based upon reasonable grounds. (*Colgate* v. *Harvey*, 296 U. S. 404, 423; *Merchants Refrigerating Co.* v. *Taylor*, 275 N. Y. 113, 121; *People ex rel. Kipnis* v. *McCann*, 199 App. Div. 30, 37, 38; affd., 234 N. Y. 502; *People ex rel. Armstrong* v. *Warden, etc.*, 183 id. 223, 226; *Missouri* v. *Lewis*, 101 U. S. 22, at pp. 31 and 32.) The classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation. (*Colgate* v. *Harvey*, *supra*, at p. 423.) Here there appears to be no just or rational basis for the distinction made by the statute in question, and it is, for all of the foregoing reasons, unconstitutional.

O'MALLEY, J. (dissenting). The evidence was sufficient to warrant the unanimous determination of the triers of the facts.

The presumption of legitimacy is no longer to be applied in its pristine vigor, but access is to be determined " in the light of experience and reason." (*Matter of Findlay*, 253 N. Y. 1, 8.) The soundness of the rule against testimony by a married woman in filiation proceedings as to non-access with her husband has been well questioned by good authority. (4 Wigmore, Evidence [2d ed.], §§ 2063, 2064.) Moreover, the statute here in question does not work an exception to the common-law rule with respect to a single court but rather with respect to a general class of litigation — filiation proceedings — jurisdiction over which in the city of New York is vested exclusively in Special Sessions. I am of opinion that it may not be said that this is an unreasonable exception, in view of the congested and large population in the city, where the majority of such proceedings within the State are had.

I accordingly dissent from the reversal of the order of filiation and vote to affirm.

Order reversed and the proceeding dismissed.