COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on the Complaint of JOSEPHINE MARTINEZ, Respondent, *v.* LUCIANO TORRES, Appellant.

First Department, November 28, 1941.

*Louis V. Rivera* of counsel [*Meyer Alterman*, attorney], for the appellant.

*Irving Galt* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

DORE, J. Defendant appeals from an order of filiation made by the Court of Special Sessions of the City of New York, County of New York, unanimously adjudging defendant to be the father of a child born to the complaining witness and directing payment of three dollars weekly for the child's support.

The testimony of the complaining witness together with other relevant testimony in the record was sufficient, if believed by the triers of the facts, to sustain the filiation order, and the only question we shall discuss on this appeal is the issue raised by defendant of the constitutionality of subdivision 1 of section 67 of the Inferior Criminal Courts Act (since April 12, 1941, section 67 of New York City Criminal Courts Act). That section, so far as relevant, provides: " If the defendant shall offer testimony of access by others at or about the time charged in the complaint, such testimony shall not be competent or admissible in evidence except when corroborated by other facts and circumstances tending to prove such access."

Defendant did not take the stand but produced three witnesses, Sanchez, Bertini and Concepcion, who testified that each of them had intercourse with the complaining witness about the time of the conception. On motion of the complaining witness the trial court later struck out the testimony of Sanchez and Bertini on the ground that their testimony had not been corroborated as required by the statute quoted, but denied the motion to strike out the testimony of the witness Concepcion on the ground that there was corroboration.

Defendant contends that the quoted part of subdivision 1 of section 67 is unconstitutional, depriving defendant of equal protection of the laws under section 1 of the Fourteenth Amendment to the Constitution of the United States in that the provision requiring corroboration is not embodied in the Domestic Relations Law dealing with paternity proceedings in all other parts of the State outside the city of New York.

Article VIII of the Domestic Relations Law regulates paternity proceedings in parts of the State outside the city of New York. Subdivision 1 of section 126 is the same as subdivision 1 of section 67 of the Inferior Criminal Courts Act except that the clause quoted above is found in section 67 of the Inferior Criminal Courts Act and not in section 126 of the Domestic Relations Law.

In *Commissioner of Public Welfare* (*Krushet*) v. *Ladutko* (256 App. Div. 775) this court considered an issue analogous in principle. When the *Ladutko* case was decided, section 67 (then § 35-g) contained the clause " If the mother is married both she and her husband may testify to non-access," but at that time there was no such clause in section 126 of the Domestic Relations Law. A majority of this court held that such rule of evidence applying only to trials in the Court of Special Sessions of the City of New York contravened the Fourteenth Amendment of the Constitution of the United States in denying to persons within the jurisdiction of the State the equal

protection of the laws and also violated section 6 of article 1 of the State Constitution in depriving a person of liberty and property without due process of law. For failure to pay pursuant to a filiation order defendant may be committed to prison. (N. Y. City Crim. Cts. Act, § 71.) In the *Ladutko* case, as in this case, the challenged rule of evidence applied only to paternity trials held in the city of New York. The common-law rule forbidding the wife to prove non-access of the husband remained unchanged for all other parts of the State. This court held that there was no just or rational basis for the distinction made by that statute and our reversal of the filiation order therein was affirmed without opinion by the Court of Appeals (281 N. Y. 655).

Between our decision and its affirmance by the Court of Appeals the Legislature met our objections by amending section 126 of the Domestic Relations Law so as to add the clause " If the mother is married both she and her husband may testify to non-access " (Laws of 1939, chap. 852), thus making the same rule applicable to paternity proceedings in every court in the State.

In *Commissioner of Public Welfare* v. *Koehler* (284 N. Y. 260, 266), decided in November, 1940, the Court of Appeals pointed out that in the *Ladutko* case it had accepted the conclusion of the majority of this court that the evidence of paternity was insufficient and, accordingly, it was unnecessary to determine the constitutional point raised on which the court expressed no opinion.

The commissioner of public welfare, respondent, contends that the Legislature could properly consider conditions peculiar to life in a great city and, because of the fact that persons in such a congested area can carry on activities about which their neighbors know nothing, the problem of getting persons to testify falsely in filiation proceedings is less difficult than in smaller communities, and, therefore, there is reasonable necessity for prescribing special conditions for the admission of evidence of that kind in the city of New York, and that the legislation affects alike all persons similarly situated within the geographical sphere and, accordingly, is valid.

The *Ladutko* case, construing an analogous statute, is, we think, a persuasive if not a controlling authority. In that case, in the opinion of Mr. Justice COHN, in which three other justices concurred in so far as it related to the competency of the evidence, the court said: " This differentiation within the borders of the State should be based upon reasonable grounds. (*Colgate* v. *Harvey*, 296 U. S. 404, 423; *Merchants Refrigerating Co.* v. *Taylor*, 275 N. Y. 113, 121; *People ex rel. Kipnis* v. *McCann*, 199 App. Div. 30, 37, 38; affd., 234 N. Y. 502; *People ex rel. Armstrong* v.

*Warden, etc.,* 183 id. 223, 226; *Missouri* v. *Lewis,* 101 U. S. 22, at pp. 31 and 32.) The classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation. (*Colgate* v. *Harvey, supra,* at p. 423.) Here there appears to be no just or rational basis for the distinction made by the statute in question, and it is, for all of the foregoing reasons, unconstitutional."

In our opinion the discrimination herein is similarly arbitrary and unreasonable, deprives defendant of the equal protection of the laws, and is, accordingly, unconstitutional.

It may not be said that the Legislature considered residents and citizens of New York city less worthy of belief in proceedings of this kind than persons residing in other parts of the State. Wholly apart from the unreasonableness of any such assumption, on analysis that cannot be the basis of the discrimination. Paternity proceedings may be brought in any county where the mother or putative father resides, or where the putative father or the child is found. Even if the child was born outside the State a complaint may be made against the putative father in any county where he resides or is found. Accordingly, if the putative father was found in a rural community where the Domestic Relations Law controls, testimony of access of others would be admissible without corroboration, whereas if the same proceeding had been brought against the same putative father here, corroboration would be required.

If the conception took place in any place outside the city of New York and the putative father was later found here and a proceeding instituted, corroboration would be required, whereas in a proceeding on behalf of the same child in any other part of the State, the father could adduce the evidence without corroboration.

It has been held that criminal laws are not necessarily unconstitutional even if they bear unequally on persons in different parts of the State where the evil that the Legislature has in view exists only in the great cities and not in rural districts. (*People ex rel. Armstrong* v. *Warden, etc.,* 183 N. Y. 223, 226; *People ex rel. Kipnis* v. *McCann,* 199 App. Div. 30; affd., 234 N. Y. 502.) But the discrimination herein cannot reasonably be construed as affecting an evil that exists only in one city of the State and has no existence in all other parts of the State.

Other points were raised which we consider it unnecessary to pass upon. While the finding of the trial court is not against the weight of the evidence received and considered, we hold that the challenged part of section 67 is unconstitutional, being based upon no reasonable classification or on any ground of difference having a

fair and substantial relation to the object of the legislation, and that, accordingly, the trial court committed reversible error in granting the motion to strike out the testimony. As the triers of the facts could not consider the material testimony that was stricken out, a new trial must be ordered.

The order should be reversed and a new trial granted.

MARTIN, P. J., TOWNLEY and COHN, JJ., concur; O'MALLEY, J., dissents.

Order reversed and a new trial ordered.