MIRA S. SZWARCE, Appellant and Respondent, *v.* PASTOR R. BUENAVENTURA, Respondent and Appellant.

Argued February 20, 1950; decided May 25, 1950.

*Louis Jay Brecher* and *Maurice Freiman* for plaintiff, appellant and respondent.

*Israel Lerner, Francis J. Greco* and *Herman Strizver* for defendant, respondent and appellant.

Order affirmed, without costs.

Concur: LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE and FULD, JJ.; FROESSEL, J., dissents in part in opinion in which CONWAY, J., concurs.

FROESSEL, J. (dissenting).  In this paternity proceeding, the Court of Special Sessions of the City of New York made an order of filiation, and also awarded counsel fees to plaintiff's attorney.  We are all agreed that the order of the Appellate Division should be affirmed insofar as it modified the order of filiation by reducing the monthly allowance for support of the infant; we are not in agreement as to its reversal upon the law of the order awarding plaintiff counsel fees.

The pertinent portions of the statutes involved provide:

Section 120 of the Domestic Relations Law: " The father is liable to pay the expenses of the mother's confinement and

recovery, and is also liable to pay such expenses, including counsel fees, in connection with her pregnancy as the court in its discretion may deem proper." (Subd. 1.)

Subdivision 4 of section 61 of the New York City Criminal Courts Act: " 4. The word ' support ' as used in this article may include   *   *   *   (c) the liability on the part of the father to pay the reasonable expenses of the mother's confinement and recovery and such reasonable expenses in connection with her pregnancy as the court in its discretion may deem proper."

It will be observed that these statutes are substantially identical, except that section 120 contains the phrase " including counsel fees " after " expenses ", whereas subdivision 4 of section 61 contains the word " reasonable " before " expenses ".

The words "including counsel fees " were inserted in the Domestic Relations Law by the Legislature in 1947 (L. 1947, ch. 154). I do not interpret its failure to add the same language after the words " such reasonable expenses " in subdivision 4 of section 61 as manifesting any intention that counsel fees were to be withheld in cases prosecuted in New York City under the Criminal Courts Act.

The Domestic Relations Law is not, by its provisions or otherwise, limited to any particular portion of the State. It contains no language exempting New York City from its operation, as for example, sections 4, 38, 188 and 394 of the Public Health Law. It specifically vests jurisdiction over paternity proceedings in " the courts heretofore exercising jurisdiction in bastardy cases of the city of New York " (§ 122, subd. 3; § 135).

Article V of the New York City Criminal Courts Act (added by L. 1930, ch. 434), which is limited to paternity proceedings in New York City, and article VIII of the Domestic Relations Law (added by L. 1925, ch. 255), which is State-wide in operation, are companion statutes. Sections 61 to 78 of the former act are closely patterned after the corresponding sections 119 to 139 of the latter statute. Indeed article V is in reality nothing more than a procedural statute, with its substantive provisions virtually copied from article VIII. If article V were repealed, article VIII would afford substantially the same relief.

Moreover, it will not be presumed that the Legislature intended an invalid enactment, and such result would follow if section 120 were construed as inapplicable to the City of New York, as there is no rational basis for differentiating between parents in and out of the city. It is no answer to say that an unwed mother in New York City may avail herself of the services of the department of welfare in bringing a filiation proceeding, for section 64 of the New York City Criminal Courts Act permits this only '' if the mother or child is or is likely to become a public charge ''.

In *Feyler* v. *Mortimer* (299 N. Y. 309) we had before us seemingly inconsistent provisions of the Domestic Relations Law and the New York City Criminal Courts Act. The question there presented was whether an action could be maintained in the Court of Special Sessions of the City of New York by a mother living in Germany, where the putative father resided in New York City. We held that the apparent right to maintain the action under subdivision 1 of section 64 of the New York City Criminal Courts Act must yield to the limitation of section 135 of the Domestic Relations Law, which barred the action. We were constrained to view the two statutes together, because to interpret them differently (p. 315) '' would erect an anomalous, an illogical and, perhaps, an unconstitutional distinction * * *. We avoid such a course when we may.'' For the same reason, the test of the *Feyler* case (*supra*) requires a harmonious construction of the statutes here (*Commissioner of Public Welfare* v. *Ladutko,* 256 App. Div. 775, affd. on other grounds 281 N. Y. 655; *Commissioner of Public Welfare* v. *Torres,* 263 App. Div. 19; *Matter of Merchants Refrig. Co.* v. *Taylor,* 275 N. Y. 113, 121; *Colgate* v. *Harvey,* 296 U. S. 404, 422-423).

The order of the Appellate Division should be affirmed insofar as it modified the order of filiation, and reversed insofar as it reversed on the law the order awarding counsel fees.