William E. Ringel, J.
The defendant is before the court on a petition of the commissioner of welfare to enforce the payment of arrears by summary action, commitment or otherwise, those arrears in the sum of $700 having accrued before the child attained the age of 16 years, which occurred on May 21, 1956. This petition for enforcement of payment of these arrears is made after the child attained the age of 16. Defendant opposes the petition and asserts that since the child reached the age of 16 before instituting these proceedings, that the court is without jurisdiction to entertain them. Defendant argues that all proceedings and applications under the paternity statute are barred because the filiation order expires upon the child attaining the age of 16 as set forth in the statute, and this in effect makes the child’s 16th birthday a Statute of Limitation for the commencement of proceedings to enforce support.
Under the common law, the father of an illegitimate child was under no legal obligation whatever to support such child (People ex rel. Lawton v. Snell, 216 N. Y. 527; Hutton v. Bretsch, 216 N. Y. 23; Todd v. Weber, 95 N. Y. 181).
The statute under which these proceedings were instituted, is article V of the New York City Criminal Courts Act. Section 64 thereof authorizes a suit by the commissioner of welfare of the City of New York on behalf of any illegitimate child who is or is liable to be a public charge, provided that said child is under 16 years of age. In the absence of establishing the fact that the child is or is liable to be a public charge, the mother or other interested party is barred from instituting suit if the child is more than two years of age, unless paternity has been acknowledged, in writing or by furnishing support.
As recently as November 27,1956 the Appellate Division, First Department, not only reaffirmed the two-year limitation applicable to the mother, but also held that the written acknowledgment of paternity, to be sufficient to toll the Statute of Limitations, must be clear, definite and unequivocal. The majority of the court noted (Schuerf v. Fowler, 2 A D 2d 541): “ This filiation proceeding was instituted more than two years after the birth of the child. Under subdivision 1 of section 64 of the New York City Criminal Courts Act such proceedings may not be brought after the lapse of more than two years from the birth of the child, unless paternity has been acknowledged by the father in writing or by the furnishing of support. * * * We construe the law *517 to require a clear acknowledgement about which there is no doubt or equivocation. That does not mean that the acknowledgement would have to be in any precise words, but it should be clear and definite on the face of the writing or in its context; The writing in the present case does not quite reach that clarity.”
It is clear from a reading of section 64 that the age of 16 is d Statute of Limitations applicable to the commissioner of welfare for the commencement of paternity proceedings, and the Court of Appeals has so construed section 64 in Commissioner of Public Welfare v. Simon (270 N. Y. 188).
The legal question presented by this petition is whether the court has jurisdiction to enforce, after the child has attained the age of 16, arrears that accrued prior to the child’s 16th birthday.
There would be no difficulty in resolving this question if New York had a statute similar to section 32 of English Criminal Justice Administration Act (Halsbury’s Statutes of England [2d ed.], Yol. 14, p. 920) which excepts an application of this nature from the operation of the Statute of Limitations. The English statute, which authorizes a proceeding to enforce payment of arrears after the order has expired, provides: “ 32. Recovery of arrears on bastardy order, etc.— (1) It is hereby declared that, notwithstanding anything in section fifty-four of the Summary Jurisdiction Act, 1879, the provisions of section eleven of the Summary Jurisdiction Act, 1848 (which relate to the time within which summary proceedings are to be taken) do not apply to proceedings for enforcing the payment of sums adjudged to be paid by an order in any matter of bastardy or by an order .enforceable as an order of affiliation.”
Subdivision 2 of section 69 of the New York City Criminal (Courts Act provides that “ Support shall be ordered until the (Child reaches the age of sixteen years ”, and although the statute ^further provides that support may be extended beyond that •■time “for good cause shown”, no such application has been •.made (except by inference), nor do the facts indicate that such ;an application would be granted if made (N. Y. City Grim. Cts. .Act, § 69, subd. 2; People v. Richter, 206 Misc. 304, affd. sub nom. Commissioner of Welfare v. Richter, 286 App. Div. 1068).
The statute provides its own scheme for the enforcement of {the filiation order at regular intervals during the pendency <of the order; for section 70 provides: “Payments shall be made to the trustee [the Commissioner of Welfare] who shall report to the court annually, or oftener, if directed by the court, the amounts received and paid over.”
*518 Thus, the welfare commissioner, who has had ample statutory-authority to enforce the payment of arrears, now seeks his remedy after the child’s 16th birthday. And, a fortiori, this section (§ 70), supports the interpretation of a 16-year Statute of Limitations as against the welfare commissioner.
Section 72 provides for “ continuing jurisdiction” to grant increases or reduction, and entertain new support proceedings if a prior support order has been satisfied. I cannot interpret “ continuing- jurisdiction ” to mean “forever”. A reading of the statute as a whole convinces me that it was the intention of the Legislature to insure the support of the child, by summary method, during its first 16 years of life, and, therefore, whatever steps are taken, must be taken during the 16-year life of the filiation order. Otherwise there would be no end to the order and its implication of commitment and jail.
Thé legislative intent in enacting the paternity statute was to secure the health and well-being of a child during its first 16 formative years. To achieve this objective this court is ■ vested with the power to imprison a defendant upon his failure to make the required payments (N. Y. City Grim. Cts. Act, §•'71, subd. 2). That critical time of the child’s life, 16 years, as established by the Legislature, has now passed.
The Legislature has decreed that under normal circumstances the child is entitled to the protection of the order up to its 16th year (N. Y. City Grim. Cts. Act, § 69, subd. 2). That statutory time having passed, this court is barred from entertaining a petition to enforce the order.
For the foregoing reasons, this proceeding to enforce payment of the arrears is dismissed, and defendant’s probation is' terminated.