31 N.Y.2d 154 (1972)
In the Matter of Dorn "HH", Respondent,
v.
Lawrence "II", Appellant.
Court of Appeals of the State of New York.
Argued May 5, 1972.
Decided July 7, 1972.
Allen S. Stim for appellant.
Joseph J. Traficanti, Jr. for respondent.
Chief Judge FULD and Judges BERGAN, BREITEL and JASEN concur with Judge GIBSON; Judge BURKE dissents and votes to reverse in a separate opinion in which Judge SCILEPPI concurs.
*156 GIBSON, J.
Appellant challenges the constitutionality of the statute which, in a filiation proceeding, excludes a respondent's uncorroborated proof of access by others to the woman involved.[1] The order of the Family Court adjudging him to be the father of a child born out of wedlock and directing him to make payments for the support of the child was unanimously affirmed at the Appellate Division. The affirmed findings, depending in part on appellant's admissions, are not questioned on this appeal.
On the trial, appellant offered proof by three of his fellow students at the college petitioner and he attended that each had had sexual intercourse with petitioner during the period within which conception could have occurred. The testimony, being without corroboration, was within the inhibition of the statute and was properly excluded. Appellant contends, however, that the requirement of corroboration is invalid as constituting a denial of due process and of equal protection.
A requirement of corroboration identical with that here challenged appeared in subdivision 1 of section 67 of the former Inferior Criminal Courts Act, later subdivision 1 of (then) section 67 of the New York City Criminal Courts Act, regulating paternity proceedings in the City of New York. The provision was held unconstitutional as deprivative of equal protection in that no like requirement of corroboration was embodied in the otherwise parallel section 126 of the Domestic Relations Law, then governing paternity proceedings in all parts of the State outside the City of New York (Commissioner of Public Welfare [Martinez] v. Torres, 263 App. Div. 19). The provision, as embodied in section 531 of the Family Court Act, now, *157 of course, has State-wide application and is no longer subject to the attack mounted in Torres.
Appellant's equal protection argument reflects the doubt as to the constitutionality of the corroboration provision of section 531 expressed in a standard text. Thus: "In the author's opinion, the above statute [§ 531] borders on being unconstitutional, and it is to be desired that its constitutional validity will one day be tested. As a consequence, whereas petitioner's case requires no corroboration, and is established with facility, on the other hand, the respondent is barred from offering proof of access and sex relations with other men, unless he produces corroboration." (Schatkin, Disputed Paternity Proceedings [4th ed.], p. 87.) Another writer finds the genesis of the corroboration provision to be this: "The reason for the insertion in § 531 of the requirement for facts and circumstances corroborative of testimony of others that they had access to the complaining witness, appears to be the comparative ease with which an unscrupulous putative father may suborn perjury and obtain equally unscrupulous persons to testify, for a price that they had had intercourse with the complainant." (Boardman, New York Family Law [1971 Biskind ed.], § 116.06, n. 13.2, at p. 478.) This suggests a rational basis for the classification of which appellant complains. Indeed, the text upon which appellant in other respects relies recognizes the suspect quality of proof of this kind: "The problem presented by the production of men to so testify for the defendant has frequently been met by stringent legislation in other jurisdictions to discourage that practice. In Nova Scotia, for example, the defendant and any number of men he so produces may all of them be placed under the order of filiation to support the child.[2] * * * Norway has a similar statute of `contribution,' which provides that all who had sexual relations with the mother at the time of conception must contribute toward the support of the child."[3] (Schatkin, op cit., pp. 87-88.)
The equal protection argument rests, of course, on the disparate treatment accorded respondent, whose proof of access *158 by others had to be corroborated, and that accorded petitioner, whose proof of respondent's access required no corroboration.[4] It is fundamental, of course, that the Legislature may classify persons for purposes of legislation without infringement of the equal protection guarantee and that its discretion in this regard is broad and will not be disturbed if any state of facts can reasonably be conceived to sustain its classification (Matter of 436 W. 34th St. Corp. v. McGoldrick, 288 N.Y. 346, 350, mot. for rearg. den. 289 N.Y. 673; Shielcrawt v. Moffett, 49 N. Y. S. 2d 64, 76, affd. 268 App. Div. 352, revd. on other grounds 294 N.Y. 180, mot. for rearg. den. 294 N.Y. 840; New York R. T. Corp. v. City of New York, 303 U. S. 573) or even if the classification be fairly debatable (Matter of Presnell v. Leslie, 3 N Y 2d 384, 390, mot. for rearg. den. 4 N Y 2d 1046), provided only it shall not be palpably arbitrary (New York ex rel. Bryant v. Zimmerman, 278 U. S. 63).
The differentiation between the requirements of proof imposed upon complainant and respondent appears justifiable and constitutionally permissible on the narrow ground that the Schatkin and the Boardman comments (supra) suggest. In the broad view, the differentiation is between, and the classification is of, adversaries in litigation, distinguished by the affirmative obligation imposed upon one as against the negative posture assumed by the other. Torres (263 App. Div. 19, supra) points up the clear distinction, dealing, not with complainant vis-à-vis respondent but with respondents only; and the statutes differentiate between them only as different rules of evidence were applied in different parts of the State. The classification presented by the case at bar has time and again been recognized as reasonable  implicitly, at least  upon application of variant rules of evidence comparable to that now challenged; and pertinent examples are to be found in the various rules respecting burden of proof in civil actions and those with regard to presumptions. Indeed, in Commissioner of Public Welfare v. Koehler (284 N.Y. 260) we rejected the claim of a denial of equal protection in that the mother and her husband were permitted *159 to testify to nonaccess (and husband and wife may still so testify, under the very § 531 now before us) although such testimony could not be received in a proceeding directly involving the legitimacy of the child. Chief Judge LEHMAN, for the court, said (p. 267): "It is not unreasonable that in statutory proceedings to enforce a duty imposed by statute upon the father of a `natural child' the mother of the child and her husband should be permitted to give testimony which they would not be permitted to give where an adjudication of the status of the child is sought." (Emphasis as in original.)
Our conclusions with regard to appellant's equal protection argument apply in large measure to his due process contention as well, so far do the two concepts overlap in this particular area. Due process, then, need be considered but briefly. "The power of the legislature to change rules of evidence as they existed at the common law and to limit, change and vary existing rules for the limitations of actions has been the subject of frequent consideration in the courts and has been uniformly held not to be affected or restricted by the constitutional limitation prohibiting the taking of life, liberty or property without due process of law. (People v. Johnson, 185 N.Y. 219.)" (People ex rel. Woronoff v. Mallon, 222 N.Y. 456, 461-462.) On the criminal side, we recently found no constitutional infirmity in the statute imposing the burden of persuasion upon a defendant asserting the defense of entrapment (People v. Laietta, 30 N Y 2d 68, 74 et seq.) and certainly no stronger argument can be made against the challenged requirement of corroboration in a noncriminal paternity case. True, the disadvantage imposed by the statutory requirement of corroboration is self-evident and the disparate treatment thus accorded complainant's and respondent's proof has, on occasion, and quite understandably, been subjected to strong criticism; but the disparity does not approach unconstitutional discrimination. Thus, in People v. Linzy (31 N Y 2d 99, decided herewith), although the requirement of corroboration in rape cases was decried, there was no intimation that the Legislature was without power to impose it.
The order appealed from should be affirmed, without costs.
BURKE, J. (dissenting).
Section 531 of the Family Court Act which provides for an absolute bar to the admission of testimony *160 of defense witnesses as to acts of sexual intercourse between themselves and the petitioner unless corroborated is a violation of appellant's rights to equal protection of the law as guaranteed by the United States Constitution and the New York State Constitution. It is also a denial of due process as guaranteed by the United States Constitution and the New York State Constitution. In this case not only did the petitioner testify, but in addition her testimony of nonaccess was supported by the testimony of two of her friends. There is no provision in the Family Court Act requiring that the testimony of her friendly witnesses should be corroborated. There should be no need to dwell on the obvious inequality of treatment accorded to the witnesses called by the petitioner to bolster her complaint and the treatment accorded under section 531 of the Family Court Act to witnesses called by the defense.
Accordingly, the testimony of the defense witnesses should have been accepted by the courts below.
Order affirmed.
NOTES
[1] The statute in pertinent part provides: "If the respondent shall offer testimony of access by others at or about the time charged in the complaint, such testimony shall not be competent or admissible in evidence except when corroborated by other facts and circumstances tending to prove such access." (Family Ct. Act, § 531.)
[2] Geo. VI, ch. 20 (Stat. of Nova Scotia, 1938).
[3] Norsk Lovtidende, 2 den avdeling: Samling av love, resolutioner M. M. sec 17, Par. 1 (An Act of April 10, 1915 respecting Children Born Out of Wedlock. as subsequently amd. by Act of July 28, 1949).
[4] On the whole case, however, the petitioner is held to a burden of proof greater than the usual standard, in line with "the requirement that the evidence of paternity must be more than preponderant and must, indeed, convince `to the point of entire satisfaction'" (Matter of Morris v. Canfield, 19 A D 2d 942).